**J. Clark Law Firm, PLLC**
Justin Clark (#030159)
2 North Central Avenue
18th and 19th Floors
Phoenix, AZ 85004
Phone: 602-343-1884
Fax: 602-343-1801
Email: jmc@jclarklawfirm.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| ADULT PRINTED DIAPERS, LLC, an Arizona limited liability company<br>　　　　　　Plaintiff,<br><br>v.<br><br>REARZ, Inc., a Canadian corporation, Cooshie Tooshiez, LLC D.B.A. Crown Diapers, a Utah limited liability company, Faithfulness, LLC, Personal Care Medical Supplies, The Bottom Half Group, LLC, Northeast Mobility Center, Soft Cradle Company, Daynitecare.ca, and Littleforbig.com.<br><br>　　　　　　Defendants. | No.: 2:2018-cv-00370-DJH<br><br>**JOINT CASE MANAGEMENT REPORT** |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's March 15, 2018 Order setting Rule 16 Case Management Conference [doc. 20], Plaintiff Adult Printed Diapers, LLC ("ADP"), Defendant Rearz, Inc. ("Rearz"), and Northeast Mobility Center jointly submits this Case Management Report.

**Attendance.**

Rearz, APD, and Northeast Mobility Center held a telephonic conference to discuss the matters related to this report. For APD, Justin Clark of J. Clark law Firm, PLLC participated.

For Rearz, Ken Motolenich-Salas of Gallagher of Gallagher and Kennedy and Anderson Duff of Revision Legal participated. For Northeast Mobility Center, Samantha Butler of Quintairos, Prieto, Wood, & Boyer, P.A.. participated.

1. **Parties.**

   Plaintiff: Adult Printed Diapers, LLC

   Defendants: Rearz, Inc., Cooshie Tooshiez, LLC D.B.A. Crown Diapers, a Utah limited liability company, Faithfulness, LLC, Personal Care Medical Supplies, The Bottom Half Group, LLC, Northeast Mobility Center, Soft Cradle Company, Daynitecare.ca, and Littleforbig.com. As of the date of this Joint Case Management Report, Rearz and Northeast Mobility Center have been served.

2. **Nature of the Case.**

   a. Plaintiff's Statement

   Plaintiff files this action for trademark infringement, false designation of origin, false advertising, and unfair competition under the Lanham Act, copyright infringement under the United States Copyright Act, tortious interference with prospective economic advantage, conversion, and unjust enrichment. On information and belief, Defendant Rearz contacted Plaintiff ADP's supplier in China and purchased inventory bearing ADP's trademarks without ADP's authorization. These products had been manufactured exclusively for APD. Without ADP's authorization, Rearz then imported these products into Canada where it took possession of the products. Once it had possession of the products, it sold large quantities to other distributors downstream, including Defendants Cooshie Tooshiez, LLC D.B.A. Crown Diapers, a Utah limited liability company, Faithfulness, LLC, Personal Care Medical Supplies, The Bottom Half Group, LLC, Northeast Mobility Center, Soft Cradle Company, Daynitecare.ca, and Littleforbig.com. Rearz, as well as the other Defendants who are downstream distributors, prominently used APD trademarks (including logos displayed on websites where APD branded products were sold and use of the AWW SO CUTE word mark on websites and in keywords

associated with websites). Rearz and the downstream Defendants sold substantial volumes of APD branded products and realized significant profits from these sales. Rearz and the downstream Defendants also used original, creative artwork owned by APD to advertise and promote their products.

As a result of the unauthorized use of APD's trademarks and copyrighted works, Rearz and the other Defendants have caused consumer confusion as to the source of the APD branded products they sold. Rearz and the other Defendants have also caused consumer confusion as to the nature of affiliation or sponsorship between themselves and APD. In addition to losing any profits that APD might have obtained as a result of the sale of its APD branded products, the market for APD's products has been irretrievably harmed and APD's total sales have dropped significantly. Rearz and the other Defendants intentionally caused this harm to APD.

      b. <u>Defendant Rearz's Statement</u>.

Rearz is a small business that has endured the misfortune of Plaintiff's misplaced ire. Rearz has purchased authorized AWW SO CUTE branded goods from third parties and Plaintiff itself. Rearz is therefore protected by the first sale doctrine. Plaintiff or its agent, acting on a misunderstanding or deliberate misconstruction of the first sale doctrine and the laws governing parallel importation, have intentionally and maliciously interfered with Rearz's business associates and prospective business associates by, among other things, calling third parties and falsely claiming to be an attorney in an effort to intimidate Rearz, its business associates, and its prospective business associates. Upon information and belief, Plaintiff and its agents also published defamatory statements about Rearz in online fora with the goal of driving customers away from Rearz. After Rearz filed its Answer with counterclaims asserting as much, Plaintiff began purging its official online accounts of defamatory content. Unfortunately for Rearz, the damage to Rearz's brand caused by Plaintiff is irreparable.

In a good faith effort to avoid litigation, Rearz shared its relevant records showing inventory of the allegedly infringing goods. Plaintiff has taken the position that the documents provided by

Rearz are inaccurate. As both Plaintiff and the Court will see, the documents provided by Rearz in a good faith attempt to avoid wasting judicial resources were and are accurate.

Even if Plaintiff ultimately succeeds on the merits of its claim, the documents Rearz provided demonstrate that the inventory at issue is not significant. When Rearz acted in good faith to resolve this matter short of litigation, Plaintiff made facially absurd demands not tethered to any of the facts or any applicable law. Viewed in conjunction with Plaintiff's extra-judicial interference with Rearz's business, Plaintiff's lawsuit is misguided at best and pretextual at worst. One illustration of Plaintiff's motive is its allegation that Rearz uses Plaintiff's trademark as a search engine keyword to drive online traffic. Rearz has denied this allegation and, in part because Rearz discovered showing that Plaintiff uses Rearz's trademark as a search engine keyword to drive internet traffic, has asserted the affirmative defense of unclean hands.

**Defendant Northeast Mobility Center's Statement:**

Defendant Northeast Mobility Center ("NEMC") is a boutique, family-owned medical supply and equipment company that sells a variety of supply solutions, including adult diapers. All of Plaintiff's claims against NEMC stem from an alleged unauthorized resale of Aww So Cute diapers. Upon information and belief, NEMC purchased a small quantity of authorized, Aww So Cute brand diapers from Aww So Cute and from Third-Party Defendant Rearz, which NEMC resold to its customers in the condition in which the products were received. In accordance with the First Sale Doctrine, such sales were authorized and protected from the claims alleged by Plaintiff in the instant case. Defendant NEMC denies liability for each and every claim asserted against it by Plaintiff. NEMC further denies that any of its actions caused or contributed to Plaintiff's alleged damages. NEMC also asserts all available affirmative defenses alleged in its Answer, which was filed on April 20, 2018.

3. **Jurisdiction**

Pursuant to 28 U.S.C. § 1331, the Court has original jurisdiction over this action because

4

Plaintiff alleges violations of the Lanham Act, 15 U.S.C. § 1225, *et seq.* and violations of the Copyright Act, 17 U.S.C. § 101, *et seq*. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**4. Service of Parties**

Rearz was served by process server in March 2018; it has since answered the Complaint and filed a counterclaim against APD. Defendant Northeast Mobility Center was served by process server in March 2018 and timely filed its Answer on April 20, 2018. Plaintiff is in the process of serving the remaining Defendants.

**5. Additional Parties / Amending Pleadings**

Plaintiff may, during the course of conducting discovery with the other Defendants, identify additional parties that may need to be included. In such a case, Plaintiff will seek leave of court to amend the Complaint to add these parties and/or any other additional claims that it might identify it has against any of the Defendants.

**6. Contemplated Motions**

Plaintiff may move to file a Motion to Dismiss Defendant Rearz's Counterclaim for failure to state a claim for which relief can be granted if the Counterclaim is not amended to provide more clarity to put APD on notice for defense of plausible claims. Plaintiff may also move to file a Motion for Judgment on the Pleadings or, in the alternative, a Motion for Summary Judgment on some or all of the claims following discovery. Absent an amicable settlement of this matter, Rearz anticipates either a motion for judgment on the pleadings pursuant to Rule 12(c) of the Fed. R. Civ. P. as to all of the claims asserted by APD against Rearz after APD files its responsive pleading and pending review of information provided pursuant to MIDP and/or a motion for summary judgment as soon as adequate discovery may be had. Defendant NEMC also anticipates filing a Motion for Summary Judgment when appropriate.

**7. Referral to Magistrate Judge**

The parties believe that the appointment of a Magistrate Judge is appropriate for the purposes of presiding over a settlement conference between the parties. Otherwise, the parties do not believe that this case is suitable for reference to a United States Magistrate Judge for trial.

8. **Related Cases**

   None.

9. **Issues Relating to Preservation, Disclosure, or Discovery of Electronically Stored Information**

   The parties are aware that some evidence involved in proving the parties' claims and defenses in this case involved ESI. During the telephonic conference, counsel for APD and Rearz discussed the importance of preserving ESI, and expect to have further discussions regarding provision of ESI. If disagreements arise relating to the production of certain ESI, the parties will meet and confer prior to service of objections and responses to discovery. ESI shall be provided by the parties in PDF format, TIFF images, or other useable agreed-upon format.

10. **Issues Relating to Claims of Privilege or Work Product**

    None identified or anticipated at this time.

11. **Order Under Federal Rule of Evidence 502(d)**

    Plaintiff ADP and Defendant Rearz believe that some of the information involved in this case is commercially sensitive and merits protection from the public eye or dissemination. Consequently, ADP and Rearz plan to file a stipulated protective order. Depending upon the information requested by Plaintiff, Northeast Mobility Center may also request a protective order prior to disclosing sensitive or otherwise confidential information.

12. **Compliance with the MIDP**

    ADP and Rearz plan to serve their MIDP responses upon each other no later than May 2, 2017. Northeast Mobility Center will serve its MIDP responses by May 21, 2018.

13. **Discovery**

    a. **The extent, nature and location of discovery anticipated by the parties.**

The parties expect much of the discovery to come from records maintained by the parties, written discovery responses, and depositions. Discovery is expected to take place in Arizona New York and Ontario, Canada. At this time, the parties have not identified specific witnesses that they would like to depose.

    b. **Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure.**

None.

    c. **The number of hours permitted for each deposition.**

At this time, none of the parties have identified specific witnesses that they would like to depose. Once the parties have identified specific witnesses, they will confer to discuss any time limits for conducting each deposition.

14. **Service of MIDP Discovery Responses**

ADP and Rearz plan to serve their MIDP responses upon each other no later than May 2, 2017. Northeast Mobility Center will serve its MIDP responses by May 21, 2018.

15. **Deadlines**

Completion of Fact Discovery and Deadline for Final Supplementation of Discovery Responses under the MIDP: November 2, 2018

Expert Disclosures: As both APD and Rearz assert claims, the parties propose a simplified expert disclosure plan wherein the parties share deadlines for opening and rebuttal expert disclosures on their respective claims for which the party bears the burden of proof.

    Expert Disclosures on Claims for Which the Party Bears the Burden of Proof: December 7, 2018

    Rebuttal Expert Disclosures: January 11, 2019

Completion of Expert Depositions (Close of Expert Discovery): February 1, 2019

Deadline for Filing Dispositive Motions: March 15, 2019

16. Deadline for Face-to-Face Good Faith Settlement Talks: September 21, 2018

## 17. Request for Jury Trial

APD and Rearz have demanded a jury trial. The demand is not contested.

## 18. Estimated Length of Trial

Four days.

## 19. Settlement Prospects

Prospects for settlement are uncertain at this time. The parties will request reference to a Magistrate Judge for a settlement conference

## 20. Other Matters

None at this time.

**J. Clark Law Firm, PLLC**

By: /s/Justin Clark
Justin M. Clark
*Attorney for Plaintiff/Counterclaim Defendant Adult Printed Diapers, LLC*

**Gallagher & Kennedy, P.A.**

By: /s/Kenneth Motolenich-Salas
Kenneth Motolenich-Salas
*Attorney for Defendant/Counterclaim Plaintiff Rearz, Inc.*

**Revision Legal, PLLC**

By: /s/Anderson Duff
Anderson Duff
*Attorneys for Defendant/Counterclaim Plaintiff Rearz, Inc.*

Quintairos, Prieto, Wood & Boyer, P.A.

By:    */s/Samantha Butler*
     Terence N. Cushing, Esq.
     Samantha L. Butler, Esq.
     Attorneys for Defendant Northeast Mobility Center

## CERTIFICATE OF SERVICE

I hereby certify that on the 30 day of April, 2018, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this action.

By: */s/Justin Clark*