**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adult Printed Diapers LLC,<br><br>Plaintiff,<br><br>v.<br><br>Rearz Incorporated, et al.,<br><br>Defendants. | No. CV-18-00370-PHX-SMB<br><br>**ORDER** |

Before the Court is Adult Printed Diapers, LLC.'s ("APD") Motion to Dismiss Counterclaims (Doc. 34, Motion). The Court has read and considered the Motion, Response (Doc. 45), Reply (Doc. 46), and relevant case law and now rules. ADP asks that Defendant Rearz, Inc.'s ("Rearz") counterclaims be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

**I.  Legal Standard**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police*

*Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Plausibility does not equal "probability," but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).

**II.  Discussion**

Rearz alleged two counterclaims: (1) tortious interference with business relationships and expectancy; and (2) business defamation/injurious falsehood. (Doc. 26, Answer and Counterclaims). APD argues that Rearz has failed to meet federal pleading standards on these Arizona common law claims.

A. Tortious interference claim

Under Arizona law, a claim for intentional interference with a business relationship or business expectancy requires proof of the following:

1. The existence of a valid contractual relationship or business expectancy;
2. Knowledge of the relationship or expectancy on the part of the interferer;
3. Intentional and improper interference inducing or causing a breach or termination of the relationship or expectancy; and
4. Damage to the party whose relationship or expectancy has been disrupted.

*Wagenseller v. Scottsdale Mem'l Hosp.*, 710 P.2d 1025, 1041 (Ariz. 1985) *superseded by statute in other respects*, A.R.S. § 23-1501, *as recognized in Caudle v. Bristow Optical Co.*, 224 F.3d 1014, 1024 (9th Cir. 2000); *see also Hill v. Peterson*, 35 P.3d 417, 420 (Ariz. Ct. App. 2001).[1]

APD asserts that Rearz did not adequately plead the third and fourth required elements. The counterclaim alleges that "Communications between Counterclaim Defendant or its agent and third parties were the proximate causes in disrupting Rearz's ongoing and developing business relationships with such third parties." (Doc. 26, Counterclaim ¶ 35). The Counterclaim alleges additional facts in the "Facts" section of the complaint that supplement this allegation and, when read as a whole, are sufficient to state a claim. Rearz alleges that a specific agent of ADP called Personal Care Medical, with whom Rearz has an ongoing business relationship, and threatened the representative of Personal Care Medical when she would not agree to sign a statement implicating Rearz. (Doc. 26, Counterclaim ¶¶ 21–22). That allegation alone, taken as true, would support a finding that ADP induced or caused a beach of the relationship or expectancy between Rearz and Personal Care Medical. Rearz also alleged that ADP "falsely posted in online, public fora that Rearz is selling unauthorized and infringing AWW SO CUTE branded goods". (Doc. 26, Counterclaim ¶ 25). The Arizona Supreme Court has held that making

---

[1] Some authorities describe the tort as having five elements, but the substance is substantially the same and follows the Restatement (Second) of Torts. *See Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 31 (Ariz. 2002); *Plattner v. State Farm Mut. Auto. Ins. Co.*, 812 P.2d 1129, 1133 (Ariz. Ct. App. 1991).

defamatory reports in public fora for the purpose of interfering with business relationships can support a claim for intentional interference with business relationships. *Antwerp Diamond Exch. Of Am., Inc. v. Better Bu. Bureau of Maricopa Cty., Inc.*, 637 P.2d 733, 740 (Ariz. 1981).

As for the fourth element, Rearz alleged "Rearz has been damaged by the disruption to its business relationship with third parties because of Counterclaim Defendant's actions as alleged herein." (Doc. 26, Counterclaim ¶ 36). The Court finds this to be sufficient. The tortious interference claim will stand

B. Defamation claim

Under Arizona law, a plaintiff asserting a claim for defamation must show: (1) that the defendant made a false statement; (2) that the statement was published or communicated to someone other than the plaintiff; and (3) that the statement tends to harm plaintiff's reputation. *Prostrollo v. Scottsdale Healthcare Hospitals*, No. CV-17-00409-PHX-DJH, 2018 WL 501414, at *4 (D. Ariz. Jan. 12, 2018) (citing *Godbehere v. Phx. Newspapers, Inc.*, 783 P.2d 781, 787 (Ariz. 1989)); *see also Turner v. Devlin*, 848 P.2d 286, 288–89 (Ariz. 1993).

ADP argues that the counteclim contains only conclusory statements not supported by fact. ADP relies on *Aldabbagh v. Ariz. Dept't of Liquor Licenses & Control*, 783 P.2d 1207, 1213 (Ariz. Ct. App. 1989), to argue Rearz's pleading is nothing more than conclusory statements of law. ADP's reliance on *Aldabbagh* is not convincing. In *Aldabbagh*, the court removed the conclusory statement "MacDonnell made defamatory remarks to the press concerning him" and found that there were no facts remaining to support the claim of injurious falsehood. *Id.* In this case, Rearz is specific about the alleged defamatory statements. Rearz said that ADP falsely posted that "Rearz is selling unauthorized and infringing AWW SO CUTE branded products" and "Rearz contacted Shadong to purchase AWW SO CUTE branded goods". (Doc. 26, Counterclaim ¶¶ 24–25). Therefore, Rearz has sufficiently pled its defamation claim.

Accordingly,

IT IS ORDERED that Adult Printed Diapers, LLC.'s (APD) Motion to Dismiss Counterclaims is **DENIED**.

Dated this 6th day of February, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge